IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01748-BNB

DANIEL L. SCHAAL,
    Plaintiff,

v.

CORRECTIONAL HEALTHCARE MANAGEMENT,
JUDY FENDER, Administrative Coordinator,
JENSEN, Medical Assistant,
TURK, Medical Assistant,
RON JOHNSON, Physician Assistant, and
DAVE GILBERT, 4th District Judge,
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 26 2006

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

    Plaintiff Daniel L. Schaal is incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Schaal initiated this action by filing *pro se* a Prisoner Complaint alleging that his rights under the United States Constitution have been violated. On September 21, 2006, Mr. Schaal filed an amended Prisoner Complaint on the proper form.

    Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Schaal is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support

an arguable claim. **See Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous pursuant to § 1915A(b).

The Court must construe the amended complaint liberally because Mr. Schaal is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, the Court should not be the **pro se** litigant's advocate. **See id.**

Mr. Schaal asserts five claims against the five individual Defendants in this action. He alleges that the five individual Defendants have violated his constitutional rights by denying him adequate medical care for injuries he suffered when he was assaulted on March 12, 2006. Mr. Schaal asserts five claims because there are five individual Defendants. Each of the five claims is asserted against a different individual Defendant. Mr. Schaal does not assert any claims against Defendant Correctional Healthcare Management.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Schaal must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an

affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Defendant Correctional Healthcare Management will be dismissed as a party to this action for lack of personal participation because Mr. Schaal makes no allegations and asserts no claims against that Defendant. The claim against Defendant Dave Gilbert, the Colorado state court judge who was presiding over the criminal case against Mr. Schaal at the relevant time, also will be dismissed. Mr. Schaal alleges that Judge Gilbert denied him a medical furlough that Mr. Schaal sought in order to obtain treatment for his injuries from medical personnel outside of the El Paso County Criminal Justice Center. However, there is no affirmative link between the alleged constitutional deprivation, which is a denial of adequate medical care at the El Paso County Criminal Justice Center, and Judge Gilbert's denial of Mr. Schaal's motion for a medical furlough. Therefore, because Mr. Schaal does not allege that Judge Gilbert somehow is responsible for the medical treatment Mr. Schaal receives while he is confined at the El Paso County Criminal Justice Center, the claim against Judge Gilbert must be dismissed for lack of personal participation.

The Court will not address at this time the merits of Mr. Schaal's claims against the remaining Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Finally, Mr. Schaal has filed on October 10, 2006, a motion to amend

3

the complaint. Mr. Schaal apparently seeks to amend the complaint to raise a claim or claims regarding matters relevant to his criminal case in state court. The motion to amend will be denied because Mr. Schaal fails to specify the claim or claims he seeks to raise and it does not appear that the claim or claims he seeks to raise are related in any way to the medical treatment claims he is asserting in this action. Accordingly, it is

ORDERED that the claims asserted against Defendants Correctional Healthcare Management and Dave Gilbert are dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous. It is

FURTHER ORDERED that Defendants Correctional Healthcare Management and Dave Gilbert are dismissed as parties to this action. It is

FURTHER ORDERED that the motion to amend filed on October 10, 2006, is denied. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 25 day of Oct, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01748-BNB

Daniel L. Schaal
Prisoner No. A00109485
El Paso County Det. Facility
2739 E. Las Vegas St.
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/26/06

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk