IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01748-MSK-MJW

DANIEL L. SCHAAL,

      Plaintiff,

v.

JUDY FENDER,
JENSEN, Medical Assistant,
TURK, Medical Assistant, and
RON JOHNSON,

      Defendants.
_____

**ORDER ADOPTING RECOMMENDATION AND DENYING MOTION
FOR TEMPORARY RESTRAINING ORDER**
_____

**THIS MATTER** comes before the Court pursuant to the November 15, 2007

Recommendation **(# 88)** of United States Magistrate Judge Michael J. Watanabe that the

Plaintiff's Motion for Temporary Restraining Order **(# 82)** be denied.

More than 10 days have passed since the issuance of the Recommendation and no party

has filed objections.  Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1).  Where no party files objections

to a recommendation, the Court applies whatever standard of review to that recommendation that

it deems appropriate.  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991).  It is not

clear whether this matter is a non-dispositive one, which this Court reviews under the "clearly

erroneous or contrary to law" standard of Fed. R. Civ. P. 72(a), or a dispositive one subject to *de*

*novo* review under Rule 72(b).  The Magistrate Judge construed it as being a dispositive one

under Rule 72(b), and thus, the Court reviews the Recommendation under the otherwise

applicable *de novo* standard.

Although the Plaintiff did not file objections to the Magistrate Judge's Recommendation, the Court is mindful of his *pro se* status, and accordingly, has read his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Despite reviewing the matter *de novo*, the Court nevertheless reaches the same findings and conclusions as the Magistrate Judge. Accordingly, the Court **ADOPTS** the Recommendation **(# 88)** in its entirety. The Plaintiff's Motion for Temporary Restraining Order **(# 82)** is **DENIED**.

Dated this 5th day of August, 2008

                                       **BY THE COURT:**

                                       Marcia S. Krieger
                                       United States District Judge