IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01748-MSK-MJW

DANIEL L. SCHAAL,

Plaintiff,

v.

JUDY FENDER, et al.,

Defendant.

---

**MINUTE ORDER**

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the plaintiff's Motion for Court Order for the Plaintiff to be Given Comprehensive Medical Examination and Testing by Medical Specialist(s) Appointed by, and paid for by, this U.S. District Court **(Docket No. 130)** is **denied**.

Contrary to plaintiff's assertion, there is no constitutional right to court-appointed and court-paid counsel for indigent litigants. Even assuming plaintiff is seeking appointment of an expert under Fed. R. Evid. 706, a court's authority to make such an appointment is discretionary. Cestnik v. Federal Bureau of Prisons, 2003 WL 22969354, *2 (10th Cir. Dec. 18, 2003). "The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues." Byng v. Campbell, 2008 WL 4662349 (N.D.N.Y. Oct. 20, 2008). Even though plaintiff's case involves medical issues, this case is not overly complex or scientific, see Grady v. Edmonds, 2008 WL 552845 (D. Colo. Feb. 27, 2008); Cestnik v. Federal Bureau of Prisons, 2003 WL 22969354 (10th Cir. Dec. 18, 2003) ("Given the lack of complexity of [plaintiff's] case and his failure to submit any evidence that he was financially unable to retain his own physician, we cannot say the refusal to appoint an expert constituted abuse of discretion."), and plaintiff has not presented compelling circumstances to warrant appointment of an expert at the court's expense. The court is unable to find at this time that appointment of an expert medical witness is warranted pursuant to Rule 706.

Furthermore, while plaintiff was granted leave to proceed with this matter pursuant to 28 U.S.C. § 1915, even assuming plaintiff is seeking appointment of an expert pursuant to that provision, this court agrees with the following reasoning expressed in another prisoner case in this District, Hill v. Smithkline Beecham, Civil

Action No. 02-F-1613 (MJW):

> . . . Nor is this Court required, or even permitted, under 28 U.S.C. § 1915 to enable an indigent plaintiff such as plaintiff here to retain expert witnesses, through the appointment of counsel or otherwise. An argument similar to that made by plaintiff here was rejected by the Fifth Circuit in *Pedraza v. Jones*, 71 F.3d 194 (5th Cir. 1995):
>
>> The Supreme Court has held that "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." *United States v. MacCollom*, 426 U.;S. 317, 321 . . . (1976). The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant.
>>
>> In *Boring v. Kozakiewicz*, 833 F.2d 468 (3d Cir. 1987), *cert. denied*, 485 U.S. 991 . . . (1988), the Third Circuit held that section 1915 makes no provision for a district court to either pay or waive fees for an expert witness. *Id.* at 474
>
> *Pedraza*, *supra*, 71 F.3d at 196.
>
> Thus, the Fifth Circuit in *Pedraza* concluded, as does this Court, having no authority to appoint an expert witness at government expense, there is no error in refusing to appoint an expert witness to help plaintiff create a fact issue . . . . *See also, Hooper v. Tulsa County Sheriff Department*, 113 F.3d 1246 (table) 1997 WL 295424, *2 (10th Cir. 1997). (Section 1915(a) does not authorize the federal courts to waive or order payment of witness fees for a civil litigant proceeding *in forma pauperis*.)

<u>Hill v. Smithkline Beecham</u>, Civil Action No. 02-F-1613 (MJW) (Order filed Feb. 9, 2004, at 12-13).

In addition, as found by the court in <u>Pabon v. Goord</u>, 2001 WL 856601 (S.D.N.Y. July 30, 2001), appointment of an expert to a prisoner "should be taken sparingly, particularly given the large volume of cases in which indigent prisoners allege the improper deprivation of medical care, and the substantial expense that defendants may have to bear if the Court does appoint an expert." <u>Id.</u> at **2.

Based upon the findings above, plaintiff's motion is denied.

Date: December 12, 2008