IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01748-MSK-MJW

DANIEL L. SCHAAL,

Plaintiff,

v.

JUDY FENDER, et al.,

Defendant.

**MINUTE ORDER**

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the plaintiff's "Motion for Dismissal and or Correct Order on [Doc 119]" **(Docket No. 129)**, which has been construed (See Docket No. 132) as a motion for reconsideration of this court's Minute Order of December 1, 2008 (Docket No. 122), which granted Defendants' Unopposed Motion for Leave to Depose Prisoner Plaintiff (Docket No. 119), is **denied**.

Plaintiff's argument for disqualification of defense counsel is baseless. Furthermore, plaintiff's request for appointment of counsel to represent him at his deposition, which is made within this motion, is also denied. Appointment of counsel for an indigent inmate under 28 U.S.C. § 1915(d) is within the sound discretion of the court. See Bee v. Utah State Prison, 823 F.2d 397, 399 (10th Cir. 1987). When deciding whether to appoint counsel "the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Loftin v. Dalessandri, 2001 WL 20731 (10th Cir. Jan. 9, 2001) (quoting Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991)). Having considered the current record in this case, the court finds that, even assuming the plaintiff has a colorable claim, he currently appears to be able to present his case adequately. The factual and legal issues raised are not so numerous or complex that the plaintiff is unable to present his case adequately at this stage of the litigation.

Date: January 8, 2009