IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01748-MSK-MJW

DANIEL L. SCHAAL,

Plaintiff,

v.

JUDY FENDER, et al.,

Defendant.

---

# RECOMMENDATION ON
# PLAINTIFF'S MOTION TO BRING THIRD PARTY COMPLAINT
# (DOCKET NO. 124)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on the Pro Se Incarcerated Plaintiff's Motion to Bring Third Party Complaint (docket no. 124) which is really a motion seeking an amendment to the prisoner's complaint. The court has reviewed subject motion (docket no. 124) and the response (docket no. 140) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following finding of fact, conclusions of law, and recommendation.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That each party has been given a fair and adequate opportunity to be heard;

3. That venue is proper in the state and District of Colorado;

4. That the subject motion (docket no. 124) was filed after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted). In this case, the court finds that the Pro Se Incarcerated Plaintiff has failed to satisfy this first step in the analysis.

The second step is consideration of whether the plaintiff has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted). Based upon this standard, this court finds that the proposed amendments should be denied. The Pro Se Incarcerated Plaintiff has failed to provide any justifiable reason, or for that matter any reason at all, for his undue delay and failure to file a motion for leave to amend his complaint and/or to join new defendants before November 28, 2008, the deadline set in the Scheduling Order (docket no. 117). This case has been pending since August 25, 2006, when the complaint was filed. The Pro Se Incarcerated Plaintiff has had adequate

time to do discovery to determine whether any additional claims needed to be added and whether any additional defendants should be added well before the deadline to join parties and amend pleadings date of November 28, 2008. Lastly, the Pro Se Incarcerated Plaintiff has failed to demonstrate good cause to allow these amendments to the complaint and his request to add additional defendants to the complaint is untimely. *See* Pallottino v. City of Rio Rancho, 31 F. 3d 1023, 1027 (10th Cir. 1994).

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

1. That Plaintiff's Motion to Bring Third Party Complaint (docket no. 124) be DENIED;

2. That the Amended Prisoner's Complaint attached to the Plaintiff's Motion to Bring Third Party Complaint (docket no. 124) be STRICKEN; and,

3. That each party pay their own attorney fees and costs for this motion.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific**

**objections waives** *de novo* **review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 14th day of January, 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE