IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01748-MSK-MJW

DANIEL L. SCHAAL,

    Plaintiff,

v.

JUDY FENDER,
JENSEN, Medical Assistant,
TURK, Medical Assistant, and
RON JOHNSON,

    Defendants.

_____

**OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING RECOMMENDATION**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Objections **(# 151)** to United State Magistrate Judge Michael J. Watanabe's January 14, 2009 Report and Recommendation **(# 146)** that the Plaintiff's Motion to Amend **(# 124)** be denied.

**FACTS**

According to the Plaintiff's *pro se* Amended Complaint **(# 6)**, the Plaintiff, while in the custody of the El Paso County Judicial Center, was assaulted by a fellow inmate on March 12, 2006, suffering injuries to his face and ankle. He alleges that Defendant Jensen misdiagnosed his ankle injury as being a minor sprain and refused his request for more extensive medical treatment, and that other Defendants continued to ignore or misdiagnose the severity of the injury to his ankle, resulting in permanent injuries to that area. In addition, he alleges that he

suffered a broken nose in the assault, which led to swelling of his nasal passages that went undiagnosed and mistreated. He contends that the effects of the swelling is impairing his eyesight. He asserts a claim that he was denied rights secured by the 8th Amendment to the United States Constitution against each of the Defendants, on the grounds that they demonstrated deliberate indifference to his serious medical needs.

On October 22, 2008, Magistrate Judge Watanabe issued a Scheduling Order **(# 117)**, setting a deadline of November 28, 2008 for the joinder of parties or amendment of pleadings. On December 3, 2008, the Plaintiff filed a motion **(# 124)** that the Court construes to be a motion for leave to amend the Complaint. The proposed amendments add three additional Defendants (two of whom are employed by facilities that the Plaintiff has since been transferred to) and recites a litany of various other complaints about medical treatment he has or has not received over the years. For example, the proposed amendments recite issues about abnormal blood test results and stomach cramps suffered by the Plaintiff beginning in summer 2007, discussions about a possible case of tuberculosis, improper medical review when the Plaintiff was transferred to another correctional facility, and various other complaints, few of which specifically identify the particular individual engaging in an unconstitutional act. The proposed amendments also assert newly-conceived claims for relief, including a contention that being forced to take medication violates the Plaintiff's freedom of religion.

The Court referred the Plaintiff's motion for leave to amend to the Magistrate Judge for a recommendation. On January 14, 2009, the Magistrate Judge issued the instant Recommendation **(# 146)** that the motion be denied. Specifically, the Magistrate Judge found that the motion was filed after the deadline for joinder of parties and amendment of pleadings,

and thus, the Plaintiff must show <u>both</u> that "good cause" exists to amend the Scheduling Order under Fed. R. Civ. P. 16(b), and that leave to amend the complaint under Rule 15(a) was appropriate. *Citing Pumpco, Inc. v. Schenker Intl. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). Finding that the Plaintiff had not satisfied either requirement, the Magistrate Judge stated:

> The Pro Se Incarcerated Plaintiff has failed to provide any justifiable reason, or for that matter any reason at all, for his undue delay and failure to file a motion for leave to amend his complaint and/or to join new defendants before November 28, 2008, the deadline set in the Scheduling Order. This case has been pending since August 25, 2006, when the complaint was filed. The Pro Se Incarcerated Plaintiff has had adequate time to do discovery to determine whether any additional claims needed to be added and whether any additional defendants should be added well before the deadline to join parties and amend pleadings date of November 28, 2008. Lastly, the Pro Se Incarcerated Plaintiff has failed to demonstrate good cause to allow these amendments to the complaint and his request to add additional defendants to the complaint is untimely.

The Plaintiff filed Objections **(# 151)**[1] to the Recommendation. The Plaintiff states that the proposed amendments were based on documents that were not provided to him until October

---

[1] Pursuant to Fed. R. Civ. P. 72(b)(2), a party must file Objections to a Recommendation within 10 days of receiving that Recommendation. Here, more than a month elapsed between the date of the Recommendation and the Plaintiff's Objections. The Plaintiff contends that although the Recommendation was mailed from the Court on January 14, 2009 and received by the prison on January 22, 2009, it was not delivered to him until February 2, 2009. He further argues that, pursuant to Fed. R. Civ. P. 6, weekend days are excluded from the calculation of the 10-day period. (The Court also notes that February 16, 2009, the 10th business day following February 2, 2009, was a national holiday, also excluded from calculation under Rule 6.) The Plaintiff asserts that he placed his initial Objections **(# 151)** in the prison's outgoing mail on February 17, 2009, the last day of the 10-day period measured from receipt of the Recommendation. On this basis, the Court assumes, without necessarily finding, that those Objections are timely.

On February 18, 2009, the Plaintiff placed a second set of Objections **(# 152)** in the prison's outgoing mail. It is not clear how the second set of Objections differs substantively from the first, but to the extent there is any meaningful difference, the second set of Objections is untimely, and the Court declines to consider them.

1, 2008. He acknowledges that the documents were in existence prior to this date, but that he "was not permitted a copy of the records until arrival to [the Colorado Department of Corrections on] November 9, 2007," and that he "had no knowledge of how to retrieve these records until he finally was able to ask for a copy from Defendants' lawyers on September 26, 2008." He further states that his motion for leave to amend was placed in the prison's outgoing mail prior to November 28, 2008, and by operation of the "prison mailbox rule," should be deemed timely.

## ANALYSIS

### A. Standard of review

Assuming that the Recommendation is a dispositive one, the Court reviews the Plaintiff's Objections *de novo* pursuant to Fed. R. Civ. P. 72(b).

In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### B. Timeliness of motion

The Magistrate Judge found that the Plaintiff's motion to amend was untimely, having been filed after the Scheduling Order's deadline for joinder of parties and amendment of pleadings.  On its face, this finding may be correct, as the motion was docketed with the Court on December 3, 2008, beyond the November 28, 2008 deadline.  However, the well-established "prison mailbox rules" treats inmate filings as being effective on the date that the inmate deposits the filing in the prison's outgoing mail, so long as certain conditions are met.  *Price v. Philpot*, 420 F.3d 1158, 1164-66 (10th Cir. 2005).  The Plaintiff's motion itself gave some indication that it might be timely under the prison mailbox rule, as it was signed and dated on November 25, 2008, several days before the November 28, 2008 deadline.  To the extent there is any doubt as to whether the Plaintiff actually delivered the document to prison authorities on or before November 28, 2008,  those doubts are resolved by a copy of the facility's mail log, attached to the Plaintiff's Objections.  That log reveals the Plaintiff sending a mailing to the Clerk of the Court on November 28, 2008.  In the absence of evidence to the contrary, the Court thus finds that the Plaintiff's motion for leave to amend was "filed" with the Court, by operation of the prison mailbox rule, on November 28, 2008, within the time provided by the Scheduling Order.  To the extent the Magistrate Judge found otherwise, and thus required the Plaintiff to show good cause to amend the Scheduling Order under Rule 16(b), that ruling was in error.

**C.  Leave to amend**

Because the motion was timely made, the Magistrate Judge should have considered only whether the Plaintiff satisfied the requirements of Fed. R. Civ. P. 15(a).  Leave to amend a pleading under Fed. R. Civ. P. 15(a) is to be "freely granted."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave should be given absent a showing of situations such as bad faith or dilatory

motive by the movant, repeated failure to cure deficiencies through prior amendment, undue prejudice resulting to the opponent from amendment, or futility of the proposed amendment. *Id.* Futility may be found where the complaint, if amended, would nevertheless fail to withstand a motion to dismiss. *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008). A finding of undue delay may be appropriate where the facts or claims sought to be added were available to the movant at the time the original pleading was filed, or where the movant fails to offer a reasonable justification for why it did not seek amendment earlier. *Sipp v. Unumprovident Corp.*, 107 Fed.Appx. 867, 876-77 (10th Cir. 2004) (unpublished), *citing Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

Here, the Court finds that the Plaintiff's proposed amendments are the product of undue delay, are prejudicial to the Defendants, and/or are futile. Considering first the issue of delay, the Plaintiff admits that he had the ability as early as November 2007 to obtain the documents that underlie the proposed amendment.[2] That it took him nearly a year to actually learn that he could obtain those documents through discovery does not mitigate the delay, particularly where he does not identify anything that prevented him from realizing that fact earlier. Moreover, the bulk of the Plaintiff's allegations involve medical treatment that he claims to have been denied. These are areas that have always been within the scope of his own personal knowledge and

---

[2]The Court has reason to believe that the Plaintiff could have obtained discovery of whatever information he relies upon even earlier. The Defendants answered **(# 38)** the Complaint on February 2, 2007. At that point, the parties were free to conduct a meeting under Fed. R. Civ. P. 26(f) and begin discovery. It is understandable that the Plaintiff, being both *pro se* and incarcerated, may lack the knowledge and/or ability to pursue discovery as expeditiously as the Federal Rules allow, but, as discussed above, the Plaintiff's *pro se* status does not relieve him from the same obligations that would inure to an attorney appearing in this case. *See e.g. Docket* # 35 (January 2007 Minute Order advising the Plaintiff that "it is [his] responsibility . . . to conduct plaintiff's discovery in this case").

experience; the Plaintiff did not need documents to allege the instances in which he presented with a serious medical need that was ignored by prison officials. Thus, there is no apparent reason why the Plaintiff could not have sought amendment of the complaint more promptly.

Even assuming that the Court could find that the Plaintiff's proposed amendment was the result of diligent efforts to shape his case, the Court would still find that the delay in doing so is prejudicial to the Defendants. The claims against the original Defendants had been pending for more than 2 years at the time the Plaintiff requested leave to amend. The October 22, 2008 Scheduling Order ensured that discovery would be complete on those claims by March 31, 2009, and that the case would be ready for trial by June 29, 2009. By seeking to amend the complaint to bring in three new parties[3] (and potentially to expand the claims against the existing Defendants in unpredictable directions) at this late date, the Plaintiff all but ensures that effecting service upon, permitting a response to the pleadings by, and completing discovery by and against these new Defendants will take more than the time allowed by the Scheduling Order. This will necessarily prejudice the existing Defendants, who will have been preparing for trial only to have such preparations delayed indefinitely while the Plaintiff pursues the newly-added claims through the pretrial process.[4]

Finally, the Court also finds that the vast majority of the claims sought to be added would be futile. Many of the new claims are stated in vague terms and provide no basis by which a

---

[3]The Plaintiff is unable to conclusively identify at least one of the proposed new Defendants. The proposed Second Amended Complaint's caption lists a "Manning? Mannnin" as the party, and identifies this person only as "Mannin (unknown) employed at CJC."

[4]The Court notes that many of the new claims against new Defendants involve discrete allegations of deliberate indifference and could be asserted in a separate lawsuit against those Defendants without working any prejudice against the existing Defendants here.

7

Defendant could determine whether those claims are asserted against him or her. *See e.g. Docket* # 124, Ex. 1 at 15-18 ("Plaintiff has found mass flaws in records filings, possible tampering of records? Question professionalism on medical staff credentials. . ." followed by a litany of references to various medical documents, *e.g.* "Doc. 0069 shows fax made does not show documents involved. Doc. 0070 first complaints of loss of feeling in R ankle. . ."); at 26 (complaint about treatment for vision problems by unidentified "Doctor at FLCF" on January 31, 2008); at 27 (generalized complaints about actions by "medical staff"); at 28 (generalized complaints that make no reference to who is alleged to be responsible). The Plaintiff's failure to identify the Defendants that personally participated in many of the new claims would require dismissal of those claims. *See e.g. Whitington v. Ortiz*, 307 Fed.Appx. 179, 190 (10th Cir. 2009) (unpublished); *Bryson v. Gonzales*, 534 F.3d 1282, 1289 (10th Cir. 2008). Moreover, many of the Plaintiff's proposed new claims would be subject to dismissal on substantive grounds. Many of his allegations recite situations in which he clearly received some form of medical treatment for a particular condition; the Plaintiff merely alleges that different, more effective, or more comprehensive treatment should have been given. Claims of this sort are insufficient to state an 8th Amendment claim. *See Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (negligent treatment insufficient to state claim); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) (inmate's disagreement with diagnosis or treatment insufficient to state claim).

Accordingly, the Court finds that leave to amend the Complaint under Fed. R. Civ. P. 15(a) is inappropriate.

## **CONCLUSION**

For the foregoing reasons, the Court **OVERRULES** the Plaintiff's Objections **(# 151)** and **ADOPTS** the Magistrate Judge's Recommendation **(# 146)**, albeit on different grounds. The Plaintiff's Motion to Amend **(# 124)** is **DENIED**.

Dated this 4th day of May, 2009

                                        **BY THE COURT:**

                                        Marcia S. Krieger
                                        United States District Judge