IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01748-MSK-MJW

DANIEL L. SCHAAL,

    Plaintiff,

v.

JUDY FENDER,
JENSEN, Medical Assistant,
TURK, Medical Assistant, and
RON JOHNSON,

    Defendants.
_____

## ORDER ADOPTING RECOMMENDATION AND DISMISSING CASE
_____

**THIS MATTER** comes before the Court pursuant to the June 22, 2009 Recommendation **(# 175)** of United States Magistrate that the Plaintiff's Motion for Sanction of Dismissal (**#157**) be granted. The Plaintiff has previously objected to Recommendations of the Magistrate Judge, so it appears that he is familiar with the process to do so. There is no indication in the record that the Plaintiff was unaware of the issuance of the Recommendation or his right to respond.

More than 10 days have passed since the issuance of the Recommendation and the Plaintiff has filed no objection. Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1). Where no party files objections to a recommendation, the Court applies whatever standard of review to that recommendation that it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). As a dispositive recommendation, even in the absence of an objection, the Court

reviews it *de novo* pursuant to Rule 72(b).

Although the Plaintiff did not file objections to the Magistrate Judge's Recommendation, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Reviewing the matter *de novo*, the Court reaches the same conclusion as the Magistrate Judge. In addition to not objecting to the Recommendation, the Plaintiff has never responded to discovery requests nor to the Defendants' Motion for Summary Judgment **(#170)**. Even if dismissal was not imposed as a sanction, Plaintiff's failures to provide discovery and respond to the motion for summary judgment would warrant dismissal for failure to prosecute this case pursuant to Fed. R.Civ.P. 41(b).

Accordingly, the Court **ADOPTS** the Recommendation **(# 175)**, and **DISMISSES** this case.

Dated this 1st day of February, 2010

**BY THE COURT:**

Marcia S. Krieger
United States District Judge